IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFONZO A. ROSCOE,** | : | CIVIL NO. 1:CV-05-2547 |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **C.O. DOBSON, ET AL.,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

Alfonzo A. Roscoe ("Roscoe"), an inmate formerly incarcerated at the Federal Correctional Institution at Allenwood, commenced this action on December 8, 2005. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 8). Presently ripe for disposition is defendants' motion for summary judgment. (Doc. 34). For the reasons set forth below, defendants' motion will be granted.

**I. Statement of Facts**

On August 15, 2005, Roscoe reported to his work supervisor that he had been roughly pushed and shoved and threatened by Corrections Officer Dobson. Roscoe was taken to the lieutenant's office and interviewed. Thereafter, he was escorted to the medical department. He was then placed in the Special Housing Unit ("SHU") pending an investigation by Special Investigative Services ("SIS"). (Doc. 39, p. 4, ¶ 4). He remained in the SHU until December 21, 2005, when he was released back to general population.

Throughout his time in the SHU, Roscoe wrote a number of letters inquiring as to why he was placed in the SHU. (Doc. 42-2, pp. 29-30, 32, 38-39, 41, 43-45). Inmates may challenge any aspect of his or her confinement using the Bureau of Prison's ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint

with the warden of the institution where he is confined. Id. at §542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. See 28 C.F.R. § 542.15. Roscoe did not fully pursue the issue of his SHU detention through the administrative remedy procedure.

On September 8, 2005, Roscoe filed administrative remedy 388024-F1 concerning the August 15, 2005 assault by corrections officer Dobson. (Doc. 39, p. 23). On October 6, 2005, the warden responded by informing Roscoe that his allegations of assault were being taken seriously and that an investigation would be conducted by the appropriate office. (Id. at p. 26). He was further informed that if he was dissatisfied with the result, he could appeal to the Regional Director. Roscoe appealed the decision on October 24, 2005, but the appeal was rejected because he did not provide a copy of the institution response and failed to submit the correct number of continuation pages. (Id. at pp. 6-7, 16). He resubmitted the appeal on November 4, 2005, contending that he was assaulted and did not deserve to be housed in the SHU. At that time, the Regional Director notified Roscoe of the following:

> Upon review of your appeal, this office has confirmed that your allegations were referred to the proper authority for investigation. We are confident a thorough investigation will be conducted. However, the results of the investigation will not be disclosed to you as you are not entitled to this information. Pursuant to Program Statement 5270.07, Inmate Discipline and SHU's, the Warden has determined that your release to the general population could be detrimental to your safety, security and orderly running of the institution. As such, you will remain housed in the SHU, under administrative detention, pending the conclusion of the investigation. At that time, it will be determined if you can be returned to the general population at FCI Allenwood or submitted for a transfer. Accordingly, your appeal is denied at this time.

(Doc. 39, p. 29). On December 14, 2005, Roscoe appealed the decision to the BOP Central Office. The remedy was rejected on the same date because he failed to provide a copy of the institution response and

did not submit the correct number of continuation pages. (Doc. 39, p. 7, ¶ 16; p. 17; Doc. 42-2, p.18). He was afforded fifteen days to resubmit the appeal. (Id.). Roscoe resubmitted the appeal on January 27, 2006. However, because the appeal was received beyond the December 29, 2005 deadline, the appeal was rejected as untimely. On February 8, 2006, he was advised that he could resubmit the appeal with verification from staff that the untimeliness was not his fault. (Doc. 39, p. 8, ¶ 17; Doc. 42-2, p. 17). He resubmitted the appeal on March 13, 2006, with a notation from staff that the inmate "could have received his copy of rejection notice for Administrative Remedy Number 388024-A1 on or about 12/27/05." (Doc. 42-2, p. 18). This information was also placed on BOP letterhead. (Doc. 42-2, p. 20). On March 15, 2006, the appeal was rejected as untimely. (Doc. 42-2, p. 19). It was noted that the appeal was beyond the thirty-day limit and that since staff could not confirm exactly when he received his rejection, the appeal was late. (Id.).

## II. Standard of Review

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004). Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim. FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004). "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001)(quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989). Only if this burden is met can the cause of action proceed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986);

Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see FED. R. CIV. P. 56(c), (e).

**III. Discussion**

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002): Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

With respect to Roscoe's numerous letters inquiring about his detention in the SHU, it is undisputed that this issue was not pursued through the proper administrative remedy channels. Consequently, defendants are entitled to an entry of summary judgment on any claim dealing with his detention in the SHU.

It is also undisputed that Roscoe did not timely pursue his appeal of the assault claim to the Central Office. He argues that he fully complied with the directive that staff verity that the untimely appeal was not his fault. Unfortunately, as noted above, strict compliance with an agency's deadlines and other critical procedural rules is mandated and it is within the purview of the agency to determine whether an inmate has complied with the procedural framework.[1]

In an effort to excuse his procedural default, Roscoe argues that he tried numerous times to gain access to the proper forms for the final stage of the administrative remedy process but that he was not provided with the forms by his counselor at the appropriate time. (Doc. 42-1, p. 9). The record confirms that Roscoe sent letters to his counsel requesting administrative remedy forms. However, three of the letters were written in November and one was written on December 5, 2005. (Doc. 42-2, pp. 22-25). Roscoe's first appeal to the Central Office, dated December 14, 2005, was timely. Thus, any delay in receiving forms had no impact on Roscoe's ability to timely pursue his remedies.

Roscoe also argues that administrative remedies were unavailable because he was housed in the SHU. (Doc. 42-1, p. 11). This argument is unconvincing. An inmate must take advantage of all

---

[1]Notably, even if BOP's Central Office had accepted the appeal as timely, the matter would be subject to dismissal because Roscoe did not exhaust his administrative remedies prior to commencing this action in federal court. See Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (district court properly dismissed Bivens claim where inmate exhausted administrative remedies after filing federal court action).

administrative remedies available to him.  See Brown v. Croak, 312 F.3d 109, 111 (3d Cir.2002).  An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process.  See e.g., Brown, 312 F.3d at 112 (3d Cir.2002) (noting that prison security officials told inmate he must wait to file a grievance until the investigation was complete); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (finding that inmate put on grievance restriction).  In Roscoe's case, there is no record evidence indicating that the defendants prevented him from using the administrative remedy procedure, or that they were interfering with his attempts to utilize the procedure.

## IV. Conclusion

Based on the foregoing, defendants' motion for summary judgment will be granted as plaintiff has failed to exhaust his administrative remedies.  An appropriate order follows.

## V. Order

**AND NOW**, this 31st day of January 2007, upon consideration of defendants' motion for summary judgment (Doc. 34), and for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment (Doc. 34) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. The Clerk of Court shall CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

    s/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Judge